# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50125 | **DATE** | 11/28/2011 |
| **CASE TITLE** | Green-McCann vs. Ogle County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file an amended complaint [37] is granted. Defendants' motions to dismiss and to strike [9] [26] [27] [32] are denied as moot. Plaintiff is to file her amended complaint within 7 days and defendants are to answer the amended complaint or otherwise plead within 21 days.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Valorie R. Greene-McCann, the Special Representative of the Estate of Patrick J. McCann, filed a complaint alleging that defendants violated the decedent's constitutional rights as well as the Illinois wrongful death and survival statutes in connection with decedent's death while a prisoner at the Ogle County Corrections Center. Presently before the court are defendants' motions to dismiss the complaint and a motion to strike, as well as plaintiff's motion for leave to file an amended complaint. For the reasons that follow, plaintiff's motion for leave to file an amended complaint is granted and the motions to dismiss and to strike are denied as moot.

The decedent died on April 30, 2010. Plaintiff filed a complaint on May 2, 2011, naming 16 defendants including Ogle County, the Ogle County Sheriff, various Ogle County Corrections Officers, the Ogle County State's Attorney, Dr. Cullinan, and a licensed practical nurse. The defendants filed motions to dismiss in which they collectively argued, among other things, that certain counts are duplicative, failure to state a claim upon which relief may be granted, Rule 10 violations, and that the state-law claims should be dismissed for failing to comply with the affidavit requirement of 735 ILCS 5/2-622 (known as a "certificate of merit").[1] While those motions were being briefed, plaintiff's counsel filed a § 2-622 affidavit indicating that he has reviewed the report of Pharmacologist Gourang Patel, BS Chem, PharmD, Msc, and has concluded that there is a reasonable and meritorious cause for filing this action. Dr. Cullinan moved to strike plaintiff's § 2-622 affidavit.

Plaintiff did not respond to the various defense motions within the time allotted. Instead, seven days thereafter, plaintiff filed a motion for leave to amend her complaint. The proposed amended complaint contemplates the dismissal of six correctional officer defendants and the addition of one defendant, Health Professionals, Ltd. In addition to the § 2-622 affidavit regarding pharmacologist Patel, attached to the proposed amended complaint is the § 2-622 affidavit of one of plaintiff's counsel indicating that he has consulted with Dr. James Bryant, M.D., and has concluded that there is reasonable and meritorious cause for filing this action.

Only Dr. Cullinan has filed a response in opposition to plaintiff's motion for leave to file an amended complaint. He argues that allowing plaintiff to file her amended complaint would be futile because (1) it still

**STATEMENT**

suffers from the defects outlined in his motion to dismiss the original complaint, and (2) plaintiff has yet to comply with the § 2-622 affidavit requirement. Specifically, Dr. Cullinan maintains that plaintiff's failure to file a § 2-622 affidavit with the original complaint which either incorporated a certificate of merit or explained why such a certificate could not be filed is grounds for dismissal with prejudice. Dr. Cullinan also points out that there is no separate § 2-622 affidavit for the proposed claims against Health Professionals, Ltd., and Dr. Bryant is not qualified to evaluate Dr. Cullinan's conduct because Dr. Bryant is a pathologist who does not evaluate and treat patients. Dr. Cullinan also argues that plaintiff has not exercised diligence in seeking to amend her complaint or in responding to his motion to dismiss, which has been pending since May 2011.

Federal Rule of Civil Procedure 15 states that "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the United States Supreme Court has noted that "the grant or denial of an opportunity to amend is within the discretion of the District Court," Foman v. Davis, 371 U.S. 178, 182 (1962). However, "[r]easons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007) (emphasis and quotation marks omitted).

Dr. Cullinan's futility arguments do not persuade this court to deny plaintiff leave to amend her complaint. First, it appears that many of the issues raised in Dr. Cullinan's motion to dismiss have been addressed.[2] However, even if the grounds for dismissal raised in Dr. Cullinan's motion to dismiss the original complaint have merit, that would likely result in dismissal without prejudice to filing an amended complaint. Consequently, such defects do not establish futility of amendment. Moreover, since the other defendants who have also moved to dismiss the original complaint have not objected to plaintiff's motion for leave to file an amended complaint –and their motions to dismiss will undoubtedly need to be modified to respond to the amended complaint– it is more efficient to allow plaintiff to file her amended complaint and then require defendants to file new motions to dismiss if they see fit. Second, while it is true that failure to file the required § 2-622 affidavit is grounds for dismissal of plaintiff's state-law claims, see 735 ILCS 5/2–622(g), whether such dismissal should be with or without prejudice is up to the sound discretion of the court, Sherrod v. Lingle, 223 F.3d 605, 614 (7th Cir. 2000). "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then a sound exercise of discretion mandates that the plaintiff be at least afforded an opportunity to amend her complaint to comply with section 2–622 before her action is dismissed with prejudice." Id. (alteration and quotation marks omitted). Because any defect in plaintiff's § 2-622 affidavits would be met with an opportunity to cure, such defects do not demonstrate futility of amendment.

Dr. Cullinan's argument that plaintiff has not exercised diligence in seeking to amend her complaint or in responding to his motion to dismiss is also unpersuasive. Plaintiff has not sat on her hands since Dr. Cullinan filed his motion to dismiss in May of this year as Dr. Cullinan's brief suggests. Plaintiff's responses to the various motions to dismiss her original complaint were not due until July 27, 2011. Plaintiff's counsel explains that while working on plaintiff's responses they determined that moving for leave to amend the complaint would be a better course of action. Plaintiff filed her § 2-622 affidavit on July 29, 2011. While plaintiff did not get her motion for leave to amend the complaint and proposed amended complaint on file until August 30, 2011, this time lag is far from the undue delay, bad faith or dilatory motive that would justify denying her motion for leave to amend. Thus, plaintiff's motion for leave to amend the complaint is granted. As a result, the motions to dismiss the original complaint and the motion to strike are denied as moot. Any further responsive pleadings are to be directed at the amended complaint.

1. Additional grounds for dismissal advanced by defendants were prosecutorial immunity; failure to allege personal involvement of various defendants; that respondeat superior is not available to support the official capacity claims; that the conspiracy count fails for lack of an underlying constitutional violation; and that the Illinois Government and Governmental Tort Immunity Act precluded Counts IV and V.

2. For example, the duplicative counts and Rule 10 issue, that the claims against each defendant be separated into separate counts, appear to be alleviated in the amended complaint.