# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| VALERIE R. McCANN, Special Administrator of the Estate of Patrick McCann, Plaintiff, v. STEPHEN A. CULLINAN, M.D., *et al.*, Defendants. | No. 11 CV 50125<br>Judge Iain D. Johnston |

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

### INTRODUCTION

Currently pending before the Court are the motions of Gregory A. Beitel, Wendy Kerwin, Ogle County, Ogle County Sheriff's Department and Cindy Mongan (collectively, "Defendants") to strike Valerie McCann's rebuttal expert reports. (Dkt. ##298, 300.) McCann ("Plaintiff") has responded to the motions and Defendants have replied. (Dkt. ## 301, 302, 303.) For the reasons stated in Court on August 30, 2016, and those that follow, it is the Court's report and recommendation that the motions be granted. Plaintiff is given until September 20, 2016 to file an objection to this report and recommendation. The failure to do so may result in waiver of this issue.

### FACTS

This case involves the death of Patrick McCann. He suffered horrific burns while allegedly setting his mother's house ablaze after trying to strangle her. Patrick was first treated at St. Anthony Medical Center in Rockford, Illinois. He was then discharged and transported to and detained in the Ogle County Jail. Patrick was administered methadone for pain. He eventually died. The coroner initially ruled Patrick's death to be caused by cardiac arrhythmia resulting from a natural condition or by cardiomegaly resulting from left ventricular hypertrophy, but later changed the cause of death to be due to the adverse effects of methadone, based, at least in part, on information provided by Plaintiff's counsel.

1

## PROCEDURAL HISTORY

Expert discovery in this 2011 case has been protracted and cumbersome. *See, e.g., McCann v. Cullinan*, No. 11 CV 50125, 2015 U.S. Dist. LEXIS 91362 (N.D. Ill., July 14, 2015). Over one year ago, the Court allowed Plaintiff the opportunity to provide the retained experts' reports, subject to paying certain monetary sanctions. *Id.* at *52. The sanctions were paid, and Defendants deposed Plaintiff's retained expert witnesses. Thereafter, the Court ordered that Defendants' retained experts' reports be served on Plaintiff by February 19, 2016. (Dkt. #290.) The Court then ordered that Defendants' retained experts be deposed by April 29, 2016. (Dkt. #295.) The case was set for a status on May 10, 2016.

At the May 10, 2016 status, Plaintiff verbally requested to be allowed to use rebuttal expert witnesses. The Court and counsel discussed at length the nature of "rebuttal experts." The Court noted that the U.S. District Court for the Northern District of Illinois maintains a standing order limiting one retained expert witness per subject matter absent a showing of good cause that more are needed, and that District Judge Kapala has adopted the standing order. The Court expressed its concern that the "rebuttal experts" would either simply bolster the opinions provided in Plaintiff's experts' initial reports or add new opinions. Counsel for Defendants asserted that they believed that the "rebuttal experts" did just that. The Court warned Plaintiff' counsel that if the witnesses were not true rebuttal experts, they would be barred. At the conclusion of the May 10, 2016 status, the Court required Plaintiff to provide the reports to Defendants by June 15, 2016, and set the case for status on June 21, 2016. Plaintiff timely complied and provided the reports of Victor Lofgreen and Jane Grametbaur. (Lofgreen had previously provided an initial expert report on behalf of Plaintiff.)

At the June 21, 2016 status, Defendants asserted that Lofgreen's second report and Grametbaur report were not truly rebuttal expert reports. Consequently, the Court entered a briefing schedule, requiring Defendants to file a motion to strike these "rebuttal expert" reports and allowing Plaintiff the opportunity to respond to the motions.

At the next status, on August 30, 2016, the Court verbally ruled on the motions to strike, recommending that the district judge grant them. This Report and Recommendation provides a fuller explanation of the Court's ruling.

# DISCUSSION

## Legal Principles

The sequence of expert discovery is set by the Court. Fed. R. Civ. P. 26(a)(2)(D). Generally, the party with the burden of proof on an issue should disclose its initial report first. Fed. R. Civ. P. 26 1993 Committee Comments; *Manual for Complex Litigation*, §11.481, p. 98 (4th ed. 2004). Federal courts have the discretion and inherent authority to limit the number of expert witnesses who can testify at trial. *Blair v. Eagle-Picher Industries, Inc.*, 962 F.2d 1492, 1500 (10th Cir. 1992); *Aetna Casualty & Surety Co. v. Guynes*, 713 F. 2d 1187, 1193 (5th Cir. 1983). Indeed, the courts are told to "[d]iscourage efforts by attorneys to try to bolster the weight of their case by cumulative expert testimony." *Manual for Complex Litigation*, §23.32, p. 496. The Final Pretrial Order to the United States District Court for the Northern District of Illinois' Standing Order Establishing Pretrial Procedure provides that "[o]nly one expert witness on each subject for each party will be permitted to testify absent good cause shown." Judge Kapala, who is assigned to this case, has adopted the Standing Order. The rationale for this limitation is based on the principle that multiple expert witnesses expressing the same opinions on the same subject matter is a waste of time and needlessly cumulative. *Stanfield v. Dart*, No. 10 C 6569, 2013 U.S. Dist. LEXIS 20175, at *12 n. 3 (N.D. Ill. Feb. 14, 2013). Limiting the number of expert witnesses also reduces the unfair possibility that jurors will resolve competing expert testimony by "counting heads" rather than evaluating the quality and credibility of the testimony. *Id.*; *cf.* Seventh Circuit Civil Pattern Jury Instruction 1.17 (2010).

Rebuttal evidence contradicts, impeaches, or defuses the impact of evidence offered by an adverse party; testimony that is offered merely as additional support for evidence for its case in chief is not "rebuttal." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal expert testimony is intended solely to contradict or rebut opinions on the same subject matter identified by an initial expert witness. *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09 C 01749-LRH-LRL, 2011 U.S. Dist. LEXIS 78032, at *4-5 (D. Nev. July 18, 2011). Rebuttal expert testimony may not be used to present new opinions or simply bolster a previous expert opinion. *Id.* at *8-9; *Stanfield*, 2013 U.S. Dist. LEXIS 20175, at *8-10 (a party may not offer "rebuttal" opinion testimony only to provide additional support for its case). Expert opinions offered to bolster a party's case in chief or to add entirely new opinions are not rebuttal opinions. *Stanfield*, 2013 U.S. Dist. LEXIS 20175, at * 8-10.

The sequence of disclosures of experts' opinions envisions a winnowing process, not an expansion. By way of example, a plaintiff's initial (sometimes referred to as "affirmative") expert report may identify opinions #1, #2, and #3. Subsequently, a defendant's expert report (sometimes referred to as "response reports") may rebut opinions #1, #2, and #3, but also add opinions #4, #5, and #6. That defendant's expert report is a proper rebuttal in that it contradicts the first three opinions. But that defendant's expert report may also be an appropriate initial expert report by presenting opinions #4, #5, and #6. Under these circumstances, Rule 26(a)(2)(D)(ii) envisions that the plaintiff be given the opportunity to provide – if it chooses – a rebuttal expert to contradict opinions #4, #5, and #6. But what is not permissible is allowing plaintiff to now—by way of a "rebuttal"—offer opinions #7, #8, and #9.

**Experts' Reports**

Plaintiff presented two initial expert reports: one by Marlene McGann regarding medical issues, primarily relating to defendant Mongan, a nurse; and one by Lofgreen regarding jail standards. McGann offered seven expert opinions in her report, with the overarching theme being that defendant Mongan deviated from the standard of care. Defendants then presented their expert witness: Jacqueline Moore. Moore generally opined that defendant Mongan did not deviate from the standard of care, and specifically rebutted several of McGann's opinions. Moore went on to opine that defendant Mongan was a dedicated nurse and that McGann was not qualified to offer expert opinions in this case. Plaintiff then offered the expert opinions of Grametbaur – opinions that are the subject of the motion to strike. Grametbaur's opinions did not specifically respond to Moore's opinions regarding defendant Mongan's dedication or McGann's qualifications to be an expert witness. Instead, Grametbaur offered a blunderbuss of opinions, ranging from an opinion that defendant Mongan's medical duties as a licensed practical nurse violated state law to improper supervision to alleged failures to address Patrick's mental health issues.

Lofgreen's initial expert report was targeted to whether Ogle County Jail met state standards, in doing so he offered four opinions. Essentially, Lofgreen opined that Patrick should not have been treated at Ogle County Jail because it was not equipped as a medical facility to treat a person with injuries of the severity and extent Patrick suffered. Defendants then presented their expert witness: Jeff Eiser. Eiser offered opinions rebutting the four specific opinions offered by Lofgreen. Like Moore, Eiser added an opinion that Lofgreen was not qualified as an expert, and stated that he disagreed with a medical opinion of another witness. Plaintiff then

4

offered a subsequent expert report of Lofgreen in rebuttal, which is the subject of the motion to strike. In his "rebuttal" expert report, Lofgreen presents at least eight new opinions, ranging from Dr. Cullinan's treatment of McCann to Ogle County's failure to appoint a "medical authority." To some extent, Lofgreen's "rebuttal" report picked at Eiser's opinions.

## Analysis

The proposed "rebuttal" expert opinions are not truly rebuttal evidence. Both Grametbaur and Lofgreen primarily espouse new opinions for the first time that attempt to bolster Plaintiff's case in chief or simply pile on additional opinions in support of Plaintiff's initial expert opinions. These reports are not rebuttal expert opinions. Instead, they are merely untimely and addition initial expert reports. Accordingly, the opinions do not comply with this Court's orders.

Having determined that Lofgreen's and Grametbauer's "rebuttal" opinions are contrary to this Court's orders and Rule 26(a)(2)(D), this Court must determine (a) whether good cause has been shown pursuant to the Standing Order to allow the additional expert opinions and (b) whether the reports should be stricken as a sanction under Rule 37. *See generally* Fed. R. Civ. P. 37. Rule 37(c) bars untimely reports unless the reports' proponent can establish that the failure to provide the reports was substantially justified or harmless. Fed. R. Civ. P. 37(c). Plaintiff has failed to address either of these issues. Instead, Plaintiff only argued that the reports were proper rebuttal expert opinions. Accordingly, Plaintiff has not met her burden under either the Standing Order or Rule 37. Nevertheless, the Court notes that in exercising its discretion to strike these reports, it considers the following facts. This case is a 2011 case; it is old. Allowing the new opinions would add more delay to a case already besieged with delays, adding further costs to the case because the Court would need to provide an opportunity to depose these experts and provide Defendants a chance to provide experts to respond to those new expert opinions. Plaintiff offered no new evidence that caused the new opinions from Lofgreen and Grametbaur; nothing new came to light necessitating these new and untimely opinions. No reason has been presented showing why the opinions in Grametbaur's and Lofgreen's responsive report could not have been contained in the initial expert reports. Finally, Plaintiff will not be prejudiced by barring these reports. Plaintiff was given the opportunity to present expert witness opinions and did so; Plaintiff is just being prevented from improperly attempting to bolster previous opinions or presenting new opinions in the guise of rebuttal.

5

## CONCLUSION

It is this Court's Report and Recommendation that Defendants' motions to strike be granted. (Dkt. ##298, 300.) Plaintiff's proffered "rebuttal opinions" are not, in substance, rebuttal opinions; instead, the opinions simply attempt to bolster opinions to support Plaintiff's case in chief or add entirely new opinions that do not contradict Defendants' experts' opinions.

Any objection to this Report and Recommendation is due September 20, 2016. The failure to timely object may result in waiver.

Entered: September 2, 2016　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　　　Iain D. Johnston
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge