# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

Valerie R. McCann, Special Administrator of the Estate of Patrick J. McCann,

    *Plaintiff*,

v.

Ogle County, et al.,

    *Defendants*.

Case No: 11 C 50125

Judge Frederick J. Kapala

## ORDER

The magistrate judge's report and recommendation [313] is accepted. Defendants' motions to strike [298] [300] are granted.

## STATEMENT

    This matter comes before the court based on a report and recommendation ("R&R") from the magistrate judge that this court grant defendants' motions to strike plaintiff's rebuttal expert reports. Plaintiff Valerie McCann, brings this case on behalf of her son Patrick McCann who died while in custody at the Ogle County Corrections Center (OCCC).

    Defendants filed two motions to strike plaintiff's rebuttal expert reports contending that they are not proper rebuttal experts.[1] The magistrate judge recommended that this court find that plaintiff's rebuttal witnesses espoused new opinions for the first time in an attempt to bolster plaintiff's case in chief or piled on additional opinions in support of plaintiff's initial expert reports. Plaintiff objects to the R&R, asserting that her rebuttal experts properly explained why defendants' expert opinions were wrong and that the magistrate erred in his application of the law.

    Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party." Peals v. Terre Haute Police Dep't, 535 F.3d 621, 630 (7th Cir. 2008). Rebuttal expert testimony may be submitted if it is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Fed. R. Civ. P. 26(a)(2)(D)(ii); see also Butler v. Sears Roebuck & Co., No. 06 C 7023, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010). "[A] party may not offer testimony under the guise of 'rebuttal' only to provide additional support for his case in chief."

---

[1]Before the court are two motions to strike, one filed by defendant Mongan and one filed by defendants Ogle County, Ogle County Sheriff's Office, Gregory Beitel, and Wendy Kerwin.

Noffsinger v. The Valspar Corp., No. 09 C 916, 2011 WL 9795, at *6 (N.D. Ill. Jan. 3, 2011) (citing Peals, 535 F.3d at 630). Nor may "rebuttal" evidence be offered to provide new arguments or new evidence. Larson v. Wis. Cent. Ltd., No. 10-C-446, 2012 WL 368379, at *4 (E.D.Wis. Feb. 3, 2012). The court has the authority to strike an expert report pursuant to Rule 37(c): "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c); see also Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998) ("[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation . . . was either justified or harmless.")

The plaintiff disclosed two rebuttal experts, Jane Grametbaur, RN, CCHP-A, CCHP-RN and Victor Lofgreen, Ph.D. and produced their reports. Grametbaur's report responded to the opinions expressed in defense expert Jacqueline Moore's report and was based on the nursing process, the provisions of basic nursing care in the correctional setting, and the facts presented with a reasonable degree of professional/nursing probability. Lofgreen's rebuttal report was intended to provide a supplemental case study of the analysis and reported opinions of defendants' experts Jeff Eiser[2] and Moore and plaintiff's expert Grametbaur.

Defendants contend that the two rebuttal reports should be stricken because they do not offer true rebuttal opinions but, rather, merely serve to buttress the opinions contained in plaintiff's initial expert reports. Plaintiff contends that Grametbaur's rebuttal report "remains on the same subject matter" as Moore's and therefore is proper. However, plaintiff fails to acknowledge that Grametbaur's report (1) bolsters opinions from registered nurse Marlene McGann's initial report and (2) offers new opinions, both of which are improper rebuttal evidence. For example, Grametbaur opines that Mongan should have known the average dosage of medication and should have either questioned the dosage or refused to administer it to McCann. Plaintiff contends that since Grametbaur's rebuttal report was on the same subject matter as Moore's, "knowledge of prescription levels," it was proper. However, in McGann's initial expert report McGann addressed Mongan's responsibility to "know what he/she is administering and question anything that seems to be unusual or incorrect," and that Mongan "was not able to act as a patient advocate to question the order, which was required in this matter as the initial dosage was too high." Other examples of buttressing within Grametbaur's report include: (1) Mongan's failure to obtain McCann's vital signs; (2) Mongan's lack of familiarity with the drug Methadone; and (3) failure to have Narcan available in case of overdose. Even though some of Grametbaur's opinions touch upon the same subject as Moore's, these opinions are not intended solely to contradict Moore's report but, instead, offer additional support for plaintiff's case in chief which violates the standing order adopted by this court

---

[2]Jeff Eiser was retained by defendants to provide "professional opinions pertaining to contemporary corrections industry standards and practices as they relate to the decisions and conduct of former Ogle County Sheriff Gregory Beitel and former Jail Superintendent Captain Wendy Kerwin, OCCC security staff, and operational policies, procedures and practices of the OCCC and the duties and responsibilities of the OCCC and its security staff to protect Mr. McCann from harm and ensure his access to an adequate medical care delivery system while he was in their custody."

to omit duplicate expert testimony.[3]

Grametbaur's report also improperly contains new opinions that do not relate to, let alone contradict or rebut, opinions from Moore's report. In fact, Grametbaur prefaces these opinions by asserting that Moore does not address these facts in her report. Examples include: (1) failure to refer McCann to a mental health provider; (2) Mongan's failure to perform further physical examinations and schedule a follow-up; (3) Mongan's inadequate documentation in the medical record; and (4) the lack of training provided to deputies dispensing medication to McCann. Presenting new opinions is improper rebuttal evidence which does not serve to contradict the adverse party's expert's opinions. Therefore, Grametbaur's report is stricken.

Likewise, Lofgreen's "rebuttal" report must also be stricken for several reasons. First, Lofgreen gives medical opinions such as, "Dr. Cullinan, did not provide adequate medical care to Mr. McCann by providing medications that were known to have serious contraindications for patients." Lofgreen is not qualified to testify about medical issues as he is a prison consultant not a medical expert. Second, Lofgreen offers new opinions that should have been included in his initial report since they relate to the plaintiff's case in chief or opinions that serve to buttress his initial report such as, "Sheriff Beitel . . . created a medical care service facility for patient McCann without appointing a medical authority for creating policies and procedures to ensure that its operation was adequate to provide the level of medical care needed by Mr. McCann" and "[t]he failures to adequately provide medical care for inmate McCann are shared by the contract physician's services and those services provided by County employees." Therefore, Lofgreen's June 15, 2016 report is stricken.

Plaintiff makes no mention pursuant to Rule 37 why admission of Grametbaur's and Lofgreen's reports is justifiable or harmless. Nor does plaintiff show cause pursuant to the standing order why additional expert testimony is necessary. Given the lengthy discovery history outlined in the R&R and due to the lack of prejudice to plaintiff since McGann and Lofgreen are still permitted to testify, the court finds it proper to strike Grametbaur's and Lofgreen's reports.

For the reasons set forth above, defendants' motions to strike are granted. Grametbaur's report and Lofgreen's June 15, 2016 report are stricken and the R&R is adopted.

Date: 10/5/2016

ENTER:

_____

FREDERICK J. KAPALA

District Judge

---

[3]This court has adopted a standing order limiting one retained expert witness per subject matter absent showing of good cause that additional experts are needed.